IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DORIN F. FERGUSON,

                Plaintiff,                      OPINION AND ORDER

v.                                                    21-cv-593-wmc

DONNA MCMARTIN,
KAYLENE BETANCOURT,
AMERICA ROCHA, BRETT COOK,
and JOSHUA CRAFT,

                Defendants.

---

Plaintiff Dorin Ferguson is proceeding to trial on claims under the Eighth Amendment for deliberate indifference against defendants Kaylene Betancourt, America Rocha, Brett Cook and Joshua Craft for allegedly failing to move him to a lower bunk despite his having a lower-bunk restriction.  Plaintiff is likewise proceeding to trial on claims under Wisconsin common law for negligence against those same defendants, as well as defendant Donna McMartin, also for allegedly not moving him to a lower bunk.  The case is set for a jury trial beginning on April 1, 2024.  In anticipation of the video final pretrial conference ("FPTC") scheduled for March 19, 2024, at 2:30 p.m., this order addresses defendants' motions in limine (dkt. #54).[1]

OPINION

1. **Exclude argument, questions, testimony or evidence regarding the causation of plaintiff's physical injuries, permanence, future care and treatment, or future pain and suffering.**

Neither Ferguson nor any other lay witness may render medical opinions about the causation of plaintiff's injuries, permanence of injuries, future care and treatment, or future

---

[1] Plaintiff did not file any motions in limine or respond to defendants' motions in limine.

pain and suffering.  *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) ("A nonexpert is not permitted to give expert testimony.  Wholly lacking in medical knowledge as he was, the plaintiff was incompetent to testify on the causal relation if any between exercise and healthy gums." (citation omitted)); *see also United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (lay opinion testimony is not permissible regarding "specialized explanations or interpretations that an untrained layman could not make" (quotation marks omitted)).

Nevertheless, plaintiff and other lay witnesses *may* testify about their *own* perception of his physical and mental health before and after his fall from his bunk bed, including plaintiff's subjective belief as to what he was experiencing, provided that this testimony does not exceed lay opinion under Federal Rule of Evidence 701.  Likewise, defendant may challenge those lay observations on cross-examination.  Finally, plaintiff may elicit opinions as to injury, its causation, current or future care and treatment, and current or future pain and suffering formed by a physician during the course of treatment.

Should the parties need further guidance about the limits of the evidence Ferguson may seek to admit related to his damages, they should be sure to address it to the court during the FPTC.  Accordingly, defendants' motion is GRANTED IN PART and DENIED IN PART as described above.

**2. Exclude plaintiff from eliciting expert testimony.**

Defendants seek to exclude plaintiff from eliciting expert testimony at trial, asserting that plaintiff did not timely disclose any expert witnesses.  They also assert that plaintiff's treating physician, Dr. Justin Ribault, is a fact witness who cannot be compelled to offer an expert opinion.  Plaintiff has not disclosed expert witnesses (*see* dkt.), so

2

defendants' motion is GRANTED IN PART.  Again, the motion is DENIED IN PART as to Dr. Ribault or any other treating physician, who will be allowed to testify as to when, what and why care was provided, including to the extent any knowledge obtained or opinions formed in treating the plaintiff as to plaintiff's elbow condition and cause of the injury.

   3.  **Limit potential compensatory damages to $1.**

Defendants argue that plaintiff has no evidence that he suffered any recoverable physical injury.  This motion is DENIED.  As discussed in the court's summary judgment order, there is sufficient evidence for a reasonable jury to conclude that plaintiff's fall from his bunk caused him injury, (dkt. #52, at 13), and plaintiff will have the opportunity at trial to present evidence of physical injury, as well as pain and suffering.  Moreover, defendants have identified no persuasive reason why he should be prohibited from doing so, although an instruction will be given to the jury to insert $1.00 as damages for any violation of the Eighth Amendment if they find plaintiff has failed to meet his burden of proof.

   4.  **Exclude testimony, other evidence, argument or questioning regarding the details of lawsuits, inmate grievances or work history involving defendants.**

This motion is GRANTED, with the caveat that plaintiff may use this evidence: (1) for proper impeachment purposes; and (2) subject to discussion *outside* the jury's presence as to whether defendants have "opened the door," whether at side bar or at breaks during the trial.

5. **Exclude reference to the details of other lawsuits involving Department of Corrections ("DOC") or DOC employees.**

This motion is GRANTED with the same caveats as the previous motion: plaintiff may use such evidence for impeachment or if plaintiff confirms *outside* the jury's presence that defendants have opened the door.

6. **Permit defendants to ask plaintiff about criminal convictions during cross-examination.**

Defendants seek permission under Federal Rule of Evidence 609 to ask plaintiff about his criminal convictions, including the title, date and disposition of his felony level offenses. This motion is GRANTED IN PART and DENIED IN PART. As is this court's general practice, defendants may ask plaintiff whether he has been convicted of felonies. Additional details regarding his offenses would have little probative value and likely be unfairly prejudicial and would only be allowed to impeach in the unlikely event plaintiff were to deny the correct number of his felony convictions in the last 10 years.

ORDER

IT IS ORDERED that defendants' motions in limine (dkt. #54) are GRANTED in part and DENIED in part as set forth above.

Entered this 14th day of March, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge